IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| DUTT, LLC; Manoj Patel; and Veena Patel, | C/A No. 3:12-2036-CMC-PJG |
| Plaintiffs, | |
| v. | **REPORT AND RECOMMENDATION** |
| J. Steven Huggins; and Moss & Associates Attorneys, PA, | |
| Defendants. | |

Defendants removed this legal malpractice action which was originally filed in the Richland County Court of Common Pleas by Plaintiffs DUTT, LLC, and Manoj and Veena Patel. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e)[1] DSC for a Report and Recommendation on the plaintiffs' motion to remand. (ECF No. 9.) The defendants filed a response in opposition (ECF No. 16) and the plaintiffs filed a reply (ECF No. 19). Having reviewed the parties' submissions and the applicable law, the court finds that the plaintiffs' motion should be denied.

**BACKGROUND**

This legal malpractice action arose from a Chapter 11 bankruptcy proceeding. Plaintiffs retained the defendants to file a Chapter 11 bankruptcy for them. Plaintiffs allege that as a result of errors committed by the attorneys, the United States Trustee dismissed the bankruptcy, which allowed the foreclosure of real property owned by the plaintiffs to proceed. Plaintiffs further claim

---

[1] Defendant J. Stephen Huggins, a licensed attorney, is self-represented; he also represents Defendant Moss & Associates PA.



that the administrative errors committed by the attorneys resulted in the disgorgement of their attorneys fees.  Plaintiffs have filed a motion to remand this action to the Richland County Court of Common Pleas.

**DISCUSSION**

The court agrees with the parties that subject matter jurisdiction over this matter lies under 28 U.S.C. § 1334(b), which provides, "Except as provided in subsection (e)(2), and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or *arising in* or *related to* cases under title 11." Id. (emphasis added).  The United States Court of Appeals for the Fourth Circuit has recognized that a legal malpractice claim arising in Chapter 11 bankruptcy proceedings may properly be heard in federal court.  See Grausz v. Englander, 321 F.3d 467 (4th Cir. 2003) (holding that a legal malpractice claim was a claim "arising in" Title 11 for purposes of bankruptcy jurisdiction); A.H. Robins Co. v. Dalkon Shield Claimants Trust, 86 F.3d 364 (4th Cir. 1996) (holding that claims or proceedings arising in Title 11 are those that are not based on any right expressly created by Title 11, but nevertheless, would have no existence "but for" the bankruptcy).

Notwithstanding this court's non-exclusive jurisdiction over this matter, the plaintiffs seek a discretionary remand under 28 U.S.C. § 1334(c)(1), which allows a district court to abstain from hearing a particular proceeding arising under Title 11 or arising in or related to a case under Title 11 in the interest of justice, or in the interest of comity with state courts or respect for state law. Alternatively, Plaintiffs argue that 28 U.S.C. § 1452(b) allows a court to which a claim or cause of action is removed to remand such claim or cause of action on any equitable ground.

*PJG*

Courts have recognized that the factors to consider in determining the appropriateness of permissive remand under 28 U.S.C. § 1334(c)(1) and equitable remand under § 1452(b) are essentially the same.  See, e.g., In re Donington, Karcher, Salmond, Ronan & Rainone, P.A., 194 B.R. 750, 760 (D.N.J. 1996) (In re Donington).  Courts examining this question have considered: the effect on the administration of the bankruptcy estate; the extent to which issues of state law predominate; the difficulty or unsettled nature of the applicable state law; comity; the degree of relatedness or remoteness to the main bankruptcy case; the existence of the right to a jury trial; and prejudice to the involuntarily removed defendants.  Id.  Additionally, courts and commentators have identified other appropriate factors to consider such as whether remand would prevent duplication or uneconomical use of judicial resources; whether the case involves questions of state law better addressed by a state court; judicial economy; the effect of bifurcating the action, including whether remand will increase or decrease the possibility of inconsistent results; the predominance of state law issues and non-debtor parties; and the expertise of the court in which the action originated.  In re Asbestos Litigation, 271 B.R. 118, 125 (S.D.W.Va. 2001) (quoting 16 James Wm. Moore et al., Moore's Federal Practice § 107.15[8][e] (3d ed. 2001)).  Put succinctly, all of the factors essentially consider issues of comity, efficiency, and the impact on the bankruptcy estate or parties.

Applying these factors to this case, the court observes that the impact of this action on the administration of the bankruptcy estate weighs in favor of remand since the bankruptcy estate has been closed.  Additionally, the legal malpractice cause of action is created by state law and raises issues of legal ethics generally governed by state law.

Other considerations outweigh these factors, however.  First, the filings in this case make clear that bankruptcy issues are at the heart of the dispute.  For example, Richard R. Gleissner, the

*PJG*

plaintiffs' expert whose affidavit was filed with the state court complaint in accordance with S.C. Code Ann. § 15-36-100(b),[2] is a certified bankruptcy specialist and former professor of bankruptcy at the Charleston School of Law. (Gleissner Aff. ¶¶ 1-2, ECF No. 1-1 at 11.) Although the instances of alleged malpractice that he identifies are categorized under the South Carolina Rules of Professional Conduct, the substance of his averments show that the issue of the defendants' competence under Rule 1.1 *in the area of bankruptcy* is squarely presented by this matter. (Id. ¶ 13, ECF No. 1-1 at 14-15.) Thus, the court cannot say that a state court, which routinely addresses issues of professional misconduct, is better suited than a bankruptcy court, which also routinely addresses issues of professional misconduct and does so in the very specialized area of bankruptcy law, to adjudicate this matter. Cf. In re Donington, 194 B.R. at 760 (finding a state court to be better suited to decide a claim of attorney malpractice in connection with a pre-petition loan transaction that related to the debtor's bankruptcy proceeding only tangentially). Further, in considering the degree of relatedness or remoteness to the main bankruptcy case, the court observes, based on controlling precedent, that the legal malpractice claim at issue is not merely "related to" but rather "arose in" the bankruptcy proceeding[3]; it is therefore a "core proceeding." See 28 U.S.C. § 157(b)(1); Stern v. Marshall, 131 S. Ct. 2594 (2011) (discussing the difference between core

---

[2] That statute requires the filing of an expert affidavit in professional malpractice cases.

[3] This distinction is important, as § 1334(c)(2) provides that abstention is *mandatory* in certain circumstances when a matter is merely *related to*, but did not *arise under* or *arise in*, the bankruptcy proceeding. See 28 U.S.C. § 1334(c)(2); compare In re Donington, 194 B.R. at 759 (finding a legal malpractice claim that arose prior to the bankruptcy petition and did not turn on the determination of any issues arising under the Bankruptcy Code to be peripherally "related to" the bankruptcy proceeding) with Grausz, 321 F.3d at 471 (finding that removal of a legal malpractice claim brought by a debtor against the law firm that represented him in his bankruptcy case was proper because the claim was one "arising in" Title 11 for purposes of bankruptcy jurisdiction under § 1334).

proceedings and non-core proceedings in bankruptcy cases and holding that under § 157 "core proceedings are those that arise in a bankruptcy case or under Title 11" ); Grausz, 321 F.3d at 469 (finding that a legal malpractice claim by a debtor against the law firm that represented him in his bankruptcy proceedings arose in the bankruptcy case for purposes of bankruptcy jurisdiction under § 1334). The court further notes that the Local Rules of this district provide for bankruptcy judges to conduct a jury trial,[4] see Local Rule 83.IX.03 DSC, and no involuntarily removed defendants' rights are at stake.[5] Finally, it appears that at least some of the instances of alleged malpractice at issue in this matter have already been addressed to some degree by the bankruptcy court, (see Pls.' Mem. Supp. Mot. Remand at 3-4, ECF No. 9-1 at 3-4) (discussing disgorgement of attorneys' fees by the defendants ordered by the bankruptcy court on the motion of the United States Trustee), so the factors considering judicial economy, the likelihood of inconsistent results, and the expertise of the court in which the action originated all weigh against remand. The court therefore concludes that consideration of the factors as a whole weighs against granting the plaintiffs' motion for a discretionary or equitable remand.

---

[4] This court makes no determination as to how the United States Supreme Court's decision in Stern v. Marshall, 131 S. Ct. 2594 (2011), would impact this Rule or dictate the proper vehicle of adjudication of this matter by a bankruptcy judge. See id. at 2620 (holding that a bankruptcy judge lacked authority under Article III of the United States Constitution to enter a final judgment on a state law counterclaim that was not resolved in the process of ruling on a creditor's proof of claim); In re Somerset Properties SPE, LLC, 2012 WL 3877791, at *4 (Bankr. E.D.N.C. Sept. 6, 2012) (discussing the impact of Stern on the bankruptcy court's authority to enter final orders versus proposed findings and recommendations to the district court and deriving a two-prong test from Stern).

[5] The bankruptcy removal statute, unlike 28 U.S.C. § 1441, does not require unanimity of defendants for removal. See In re Asbestos Litigation, 271 B.R. 118, 120 n.2 (S.D. W. Va. 2001).



## RECOMMENDATION

"Plaintiffs always have initial choice of forum, while defendants may remove, when allowed by law." In re Asbestos Litigation, 271 B.R. 118, 125 (S.D. W. Va. 2001). Jurisdiction over this matter is proper and the question of remand lies squarely within the district court's discretion under 28 U.S.C. §§ 1334(c)(1) and 1452. For the foregoing reasons, the court concludes that weighing the applicable factors tips the balance against remand and therefore recommends that Plaintiffs' motion to remand (ECF No. 9) be denied and this matter be referred to a bankruptcy judge in accordance with Local Rule 83.IX.01 DSC.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

September 14, 2012
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).