IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Dutt, LLC; Manoj Patel; and Veena Patel, ) | C/A NO. 3:12-2036-CMC-PJG |
| ) | |
| Plaintiffs, ) | |
| ) | **OPINION and ORDER** |
| v. ) | |
| ) | |
| J. Steven Huggins; and Moss & Associates ) | |
| Attorneys, PA, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the court on Plaintiffs' motion to remand. This action was originally filed in Richland County Court of Common Pleas and removed by Defendants on July 20, 2012. Dkt. No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) DSC, this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report and Recommendation. On September 14, 2012, the Magistrate Judge issued a Report recommending that Plaintiffs' motion be denied and the matter be referred to a bankruptcy judge in accordance with Local Rule 83.IX.01 DSC. Dkt. No. 22 ("Report").

The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if they failed to do so. Plaintiffs filed objections to the Report on September 27, 2012.[1]

**STANDARD**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court.

---

[1] Defendants did not respond to Plaintiffs' objections.

1

*See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of an objection, the court reviews the Report and Recommendation only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation") (citation omitted).

### DISCUSSION

This legal malpractice action arose from a Chapter 11 bankruptcy proceeding.[2] Plaintiffs recognize that this court has jurisdiction but argue that this case should be remanded to state court under the principles of permissive abstention and equitable remand. As explained in the Report, courts considering the appropriateness of permissive or equitable remand in this context have considered (1) the effect on the administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty or unsettled nature of the applicable state law; (4) comity; (5) the degree of relatedness or remoteness to the main bankruptcy case; (6) the existence of the right to a jury trial; and (7) prejudice to the involuntarily removed defendants.[3] Report at 3.[4] The Report

---

[2] Mr. Huggins and Moss & Associates represented Plaintiffs in three bankruptcy proceedings: the Dutt, LLC bankruptcy case, Manoj Patel's personal bankruptcy case, and Manoj and Veen Patel's bankruptcy case.

[3] This last factor appears inapplicable in light of the recent amendments to the federal removal statutes. Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, 28 U.S.C. §§ 1441, 1446. Section 1446 provides that "all defendants who have been

finds that consideration of the applicable factors weighs against granting Plaintiffs' motion for remand. *Id.* at 5.

First, Plaintiffs object that the Report failed to consider the difficulty or unsettled nature of the applicable state law. Plaintiffs argue that the fact that state law in the area of legal malpractice is not difficult or unsettled weighs in favor of remand. The court, however, finds that this factor weighs against remand. *See MacLeod v. Dalkon Shield Claimants Trust*, 967 F. Supp. 856, 858 (D. Md. 1997) (describing factor as "whether the issues involve difficult or unsettled questions of state law that would be better addressed by a state court").

Second, Plaintiffs object to the Report's finding that "bankruptcy issues are at the heart of the dispute," as shown by Plaintiffs' expert affidavit. Plaintiffs argue that although Plaintiffs' expert affidavit contains allegations that Defendants committed malpractice *in the area of bankruptcy*, "the bulk of the affidavit outlines over fifteen instances of legal malpractice committed by Defendants, including violations of Rule 1.1, Rule 1.3, Rule 1.4, and Rule 1.7 of the South Carolina Rules of Professional Conduct." Dkt. No. 25 at 2-3. The court agrees that bankruptcy issues are central to this legal malpractice action. For example, the issue of whether Defendants violated Rule 1.1 of the South Carolina Rules of Professional Conduct necessarily involves an evaluation of Defendants'

---

properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

[4] The Report also lists other factors courts have considered when determining whether remand is appropriate, none of which are related to Plaintiffs' objections. Report at 3.

3

competency in the bankruptcy proceeding, which requires knowledge of the very specialized area of bankruptcy law and practice.[5]

Finally, Plaintiffs object to the Report's finding that their right to jury trial will not be compromised by reference to a bankruptcy judge. A bankruptcy judge may conduct a jury trial as long as all of the parties consent. 28 U.S.C. § 157(e); Local Rule 83.IX.03 DSC. Without citing any case law, Plaintiffs argue that *Stern v. Marshall* "could potentially limit the right to a jury trial on this contested adversarial issue if referred to a bankruptcy judge." Dkt. No. 25 at 3. Plaintiffs then contend that, should the court refer this matter to a bankruptcy judge, they would not consent to a bankruptcy judge conducting a jury trial. Plaintiffs explain that the district judge would ultimately conduct the jury trial. The court need not make a prediction as to whether *Stern v. Marshall* affects a bankruptcy judge's ability to conduct a jury trial in the matter because Plaintiffs have stated that they would not consent to a jury trial by a bankruptcy judge. The court finds that, to the extent that a jury trial is necessary and is not conducted by a bankruptcy judge, Plaintiffs' right to a jury trial would not be compromised because a district judge would conduct the jury trial.

After conducting a *de novo* review as to objections made, and considering the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiffs' objections, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order.

## CONCLUSION

---

[5] The Report finds that this action is not only related to, but arose in, the bankruptcy proceeding. The Report observes that the Fourth Circuit has held that a legal malpractice claim from a bankruptcy proceeding "arose in" the bankruptcy proceeding. *Grausz v. Englander*, 321 F.3d 467 (4th Cir. 2003).

The court adopts the Report and Recommendation, and denies Plaintiffs' motion to remand.

This matter is referred to a bankruptcy judge in accordance with Local Rule 83.IX.01 DSC.

**IT IS SO ORDERED.**

S/ Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
November 1, 2012